IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| WILLIAM SHERRATT,<br><br>Petitioner,<br><br>vs.<br><br>CLINT FRIEL, et al.,<br><br>Respondents. | ORDER DISMISSING CASE<br><br><br><br><br><br>Case No. 2:06-cv-1056 |

      Petitioner, William Sherratt, filed a "conditions of confinement" habeas corpus petition (#4).[1]  In it, he raises concerns about events that happened before 2003, then between August 2003 through about January 2005.  These events involved, specific to Petitioner, certain disciplinary proceedings, mailings, retaliation over filed grievances, dealings with contract attorneys, housing transfers and denial of privileges and programming, access to legal forms and information, and health endangerment.  Other universal allegations were about treatment of inmates in general.  Petitioner also suggests that evidence of his disciplinary proceedings and denial of sex offender programming because of his asserted innocence, when presented to the Utah Board of Pardons and Parole (BP&P), will result or have resulted in lengthening of his period of incarceration.  Finally, Petitioner contends that Respondents have transgressed the Utah

---

[1] 28 U.S.C.S. § 2254 (2007).

State Constitution in a variety of ways.

First, the specific events occurring before 2003 and between August 2003 and January 2005 are inappropriately broached in a habeas corpus petition.  For one thing, there is a one-year period of limitation applicable to federal habeas petitions.[2]  These events ended January 2005, but were not brought before this federal court until December 26, 2006, almost one year past the period of limitation.  For another thing, the purpose of habeas corpus petitions is to seek release from confinement.  So, if these allegedly troubling events ended in January 2005, there is no need to use the extreme measure of releasing Petitioner from prison to stop their continuation.  Indeed, "the habeas corpus petition is an improper vehicle to seek relief from [these] conditions of confinement . . . . Even if [petitioner] were to prove his allegations . . . [petitioner] would not be eligible for release from prison."[3]  In fact, in Petitioner's section spelling out the relief sought, Petitioner not only requests termination of his sentence and immediate relief (which is typical of habeas corpus) but also seeks declaratory and injunctive remedies, as well as monetary damages.  "To the extent petitioner seeks relief other than release, the appropriate action would be to file a civil rights complaint."[4]

Second, the more universal allegations raised regarding the prison's violation of inmates' rights in general are not valid here.  Petitioner may bring only on his own behalf specific allegations about violations of his own constitutional rights.  Thus, the Court will not further

---

[2]Id. § 2244(d).

[3]*Hearing v Squires*, No. 5:07-cv-19 (HL), 2007 U.S. Dist. LEXIS 7215, *1-2 (M.D. Ga. Jan. 31, 2007).

[4]*Olachea-Merida v. Sniezek*, No. 4:06 CV 1336, 2006 U.S. Dist. LEXIS 57181, *5 (N.D. Ohio Aug. 14, 2006).

address the general allegations here.

Third, Petitioner asserts that details of his disciplinary proceedings and denial of sex offender programming because of his asserted innocence may be given to the BP&P, resulting in the lengthening of his imprisonment before parole, within his five-to-life sentences.  Petitioner never states how the BP&P's possible decision to keep him in prison longer would violate any federal right.  Nor can he do so effectively.  After all, there is no federal constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence--in this case, a span extending to life in prison.[5]  Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection.[6]

Finally, inasmuch as Petitioner is attacking the State's breach of its own constitution, it is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States.[7]  Errors of state law do not constitute a basis for relief.[8]  Petitioner thus has no valid argument based on the Utah State Constitution.

IT IS THEREFORE ORDERED that this habeas corpus petition is DENIED (#4).  The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 15th day of June, 2007.

---

[5] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 99 S. Ct. 2100, 2104 (1979).

[6] *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

[7] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[8] *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

BY THE COURT:

_____
Paul G. Cassell
United States District Judge